SIROM ESTATES, INC., Landlord, Respondent, *v.* EVELYN MILLER et al., Tenants, Appellants.

Supreme Court, Appellate Term, Second Department, April 18, 1946.

*Henry Fabricant* for appellants.

*Irving J. Roth* for respondent.

MEMORANDUM *Per Curiam.* The landlord has failed to show that the space was predominantly used for retail sales or service. (L. 1945, ch. 3, § 2, subds. [a], [b] and [c].) The amendments to chapters 3, 314 and 315 of the Laws of 1945, adopted in 1946 (L. 1946, ch. 272, §§ 1, 2; ch. 273, §§ 1, 2) were in part to clarify the legislative intent as to what was included in commercial or business space. The Report of the Joint Legislative Committee to Study Rents states: " As a result of such examinations and a study of judicial interpretations, minor imperfections have been noted which require correction. One such imperfection relates to parking lots. It was the intention of the Committee to include parking lots and other outdoor space in the original enactment. An adjudication has been made, however, that the Act does not so provide."

If the premises involved here were used for commercial purposes then the landlord is restricted to the rent payable on March 1, 1943, plus 15%. (L. 1946, ch. 272.) If occupied for a business purpose the landlord can seek the rent fixed in the lease. (L. 1946, ch. 273.) The lease was not in effect " since, on and before " March 1, 1943 (L. 1946, ch. 272), but was in effect on and before June 1, 1944 (L. 1946, ch. 273).

The judgment and final order should be unanimously reversed on the law and new trial granted, with $30 costs to the tenants to abide the event.

MacCRATE, McCOOEY and STEINBRINK, JJ., concur.

Judgment and order reversed, etc.